UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| THE TRAVELERS INDEMNITY COMPANY, a Connecticut corporation; THE TRAVELERS INDEMNITY COMPANY OF AMERICA, a Connecticut corporation; and THE CHARTER OAK FIRE INSURANCE COMPANY, a Connecticut corporation,<br><br>Plaintiffs,<br><br>v.<br><br>WESTCO, INC., an Idaho corporation; DENNIS HEEB; and JOHN DOES 1-10,<br><br>Defendants. | Case No. 2:16-cv-00410-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Pending before the court is a Joint Motion to Stay Proceedings (Dkt. 19) brought by all parties, which requests that the Court stay this action pending final resolution of an action pending in Washington State Court or until the parties apply to lift the stay. For the reasons stated below, the Court will grant the motion.

## BACKGROUND

In April 2010, Travelers brought an action in this Court entitled *The Travelers Indemnity Co., et al. v. Westco, Inc. et al.*, Case No. 2:10-cv-00215-EJL-REB against Westco, Inc. and certain insurers of Westco, Inc. and seeking a declaration that it had no

defense or indemnity obligations to Westco in connection with claims and suits brought against Westco, Inc. arising out of Westco Inc.'s ownership and operation of dry cleaning facilities in Idaho and Washington State.

In 2012, the parties entered into a settlement agreement (the "2012 Settlement") that resolved that 2010 action as well as all other claims, past, present and future, by Westco under all insurance policies issued by Travelers to Westco. The 2012 Settlement Agreement requires Westco, Inc., among others, to defend, indemnify, protect and hold Travelers harmless from any claims arising out of or relating to the Travelers Policies or any claim released under the 2012 Settlement Agreement. Westco is also obligated under the 2012 Settlement Agreement to use all reasonable efforts to substitute itself as the real party in interest in any such claim against Travelers.

In January 2015, Trinity Universal Insurance Company brought an action in the Superior Court of Washington, King County, entitled *Trinity Universal Insurance Company of Kansas v. The Employers Fire Insurance Company, et al.*, Case No. 15-2-278391-4 (the "*Trinity* Action"). In that action, Trinity, one of Westco's other insurers, is seeking contribution from Travelers and others for amounts it allegedly has paid in defense of Westco in connection with claims arising out of one of the sites involved in the 2010 Action.

Travelers brought this action against Westco to enforce the obligation of Westco to defend and indemnify Travelers against the claims asserted in the *Trinity* Action. In December 2016, Travelers and Westco entered into a Confidential Settlement Agreement

with respect to this action (the "2016 Settlement"). Pursuant to the 2016 Settlement, Westco agreed to file a motion to substitute itself in place of Travelers in the *Trinity* Action. It also agreed that if the motion were denied, and Travelers remained in the *Trinity* Action as a defendant, it would reimburse Travelers for its defense expenses in the *Trinity* Action and will fully comply with its other obligations under the 2012 Settlement. Finally, the 2016 Settlement provides that the parties would jointly request a stay of this action, which stay could be terminated by Travelers if Westco fails to fully comply with the 2016 Settlement or the 2012 Settlement Agreement.

On December 20, 2016, in compliance with the 2016 Settlement, Westco Inc. filed its Motion for Substitution of Real Party in Interest in the *Trinity* Action. Travelers filed a joinder in that motion and Trinity has opposed it. The motion was denied on January 9, 2017. The parties then brought the present motion to stay these proceedings pending resolution of the *Trinity* Action or, in the event Westco does not meet its defense and indemnity obligations under the 2012 Agreement, or until Travelers or Westco seeks a termination of the stay.

## LEGAL STANDARD

A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706–707 (1997) (*citing Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). In deciding whether to grant a stay, the Court must weigh the competing interests of the parties, considering in particular: "[1] possible damage which may result from the granting of a stay, [2] the

hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyear v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005).

## ANALYSIS

The above-mentioned factors all weigh in favor of a stay. The parties agree that a stay of this action is in their best interests and that no damage would result if the motion is granted. The court in the *Trinity* Action has set a schedule that calls for the end of discovery by March 20, 2017, a mediation by April 10, 2017 and a trial on May 8, 2017. Thus, any delay in this case would be minimal. Judicial economy also favors a stay because the *Trinity* Action is likely to resolve certain legal questions at issue in this case. Moreover, as long as Westco reimburses Travelers for its defense costs in the *Trinity* Action, there will be no need for the parties to litigate Westco's obligations in this Court. A stay of this action will therefore serve to avoid unnecessary litigation.

For the foregoing reasons, the Court will grant the parties' Joint Motion to Stay.

## ORDER

**IT IS ORDERED:**

1. The Joint Motion for a Stay of Proceedings (Dkt. 19) is **GRANTED**.

2. This case shall be **STAYED** pending resolution of the *Trinity* Action or until either party applies to lift the stay, whichever is earlier. The stay will automatically expire at the conclusion of 90 days if neither event has

occurred.

3. No later than 10 days after the expiration of the stay, the parties shall file a joint status report with the Court that: (1) advises of the status of the *Trinity Action* and (2) indicates their preferred course of action in this case.

DATED: April 26, 2017

_____
B. Lynn Winmill
Chief Judge
United States District Court